UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SOFIA TRAVAYIAKIS,

      Plaintiff,

v.

MORTGAGE NETWORK, INC.,
JAMES COMOSA, & ROBERT
McINNES,

      Defendants.

Civ. A. No. 1:23-cv-10729

## NOTICE OF REMOVAL

Pursuant to Sections 1331, 1441, and 1446 of Title 28 of the United States Code, Defendant Mortgage Network, Inc. hereby notices its removal of this action, which Plaintiff commenced against it in the Superior Court for the Commonwealth of Massachusetts, Norfolk County, captioned *Sofia Travayiakis v. Mortgage Network, Inc., et al.*, Civil Docket No. 23-cv-00120 (the "State Court Action"), to the United States District Court for the District of Massachusetts. The grounds for removal are as follows:

1.    Defendant Mortgage Network, Inc. has attached hereto as Exhibit A copies of the Summons, Civil Action Cover Sheet, and Complaint, which constitutes all process, pleadings, and orders that Defendant received or of which it is aware. *See* 28 U.S.C. § 1446(a).

2.      Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

3.      This Court has exclusive subject matter jurisdiction over this action because this is a civil action concerning the interpretation and implementation of a deferred compensation plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. 1132(e)(1).

4.      More specifically, the Complaint alleges, among other things, that Defendant Mortgage Network, Inc. agreed to accelerate the vesting of certain funds governed by a deferred compensation plan but did not pay out said funds upon termination of Plaintiff's employment.

5.      Although premised as a claim under the Massachusetts Wage Act, Plaintiff's claims concerning the deferred compensation claim requires interpretation of the deferred compensation plan, thus providing for federal jurisdiction under 29 U.S.C. § 1132(a). *See, e.g.*, *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (Federal courts have exclusive jurisdiction over ERISA notwithstanding the fact a claim is framed under state law.).

6.      While the "well-pleaded complaint" rule generally requires federal question jurisdiction to appear on the face of a Plaintiff's complaint in order for jurisdiction in federal court to attach and removal to be appropriate, the complete preemption doctrine provides an exception to that rule: "when a federal statute wholly displaces the state-law cause of action through complete preemption, the state

claim can be removed." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004) (citations and internal quotation marks omitted); *see also Rogers v. Rogers & Partners, Architects, Inc.*, 2009 WL 5124652, at *5 (D. Mass. July 27, 2009) ("One exception to the well-pleaded complaint rule is complete preemption."). "This is so because when the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law." *Id.* (citations and internal quotation marks omitted); *see also Federated Dep't Stores, Inc. v. Moittie*, 452 U.S. 394 (1981) (explaining that courts must look beyond the face of the complaint "to determine whether the real nature of the claim is federal, regardless of plaintiff's [state law] characterization").

7.     The express terms of the deferred compensation plan (attached as Exhibit B) establish that the plan is governed by ERISA, and thus any state-law claims based on its terms is completely preempted.

8.     Removal of this matter is timely because Mortgage Network, Inc. accepted service of Plaintiff's complaint on March 8, 2023, and this Notice was filed within 30 days of that date. *See* 28 U.S.C. § 1446(b)(2)(B).

9.     Defendants James Comosa and Robert McInness consent to this removal. *See* 28 U.S.C. § 1446(b)(2)(C).

10.     This Court is the District Court of the United States for the district embracing the place where the State Court Action is pending and, accordingly, is the appropriate court for removal.  *See* 28 U.S.C. § 1441(a).

3

11.     Defendant Mortgage Network, Inc. will file a copy of this Notice of Removal in the State Court Action.  *See* 28 U.S.C. § 1446(d).

12.     Defendants will file a certified or attested copy of all records and proceedings and all docket entries filed in the State Court Action within 28 days.  *See* Loc. R. Civ. P. 81.1.

13.     By filing this Notice of Removal, Defendant does not waive any defenses available to it.

WHEREFORE, Defendant Mortgage Network, Inc. respectfully requests that this matter proceed as an action properly removed to the United States District Court for the District of Massachusetts from the Superior Court of the Commonwealth of Massachusetts, Norfolk County.

Respectfully submitted,

MORTGAGE NETWORK, INC.,

*/s/ Joshua D. Nadreau*

Joshua D. Nadreau (BBO No. 688970)
FISHER & PHILLIPS LLP
200 State Street, 7th Floor
Boston, Massachusetts 02109
Tel: (617) 722-0044
Fax: (617) 532-5899
jnadreau@fisherphillips.com

Its Attorney

Dated: April 5, 2023

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was emailed to the following

counsel of record and parties of interest on this date.

Jack K. Merrill, Esq.
KSR Law
160 Gould Street, #102
Needham, MA 02494
T:781-418-5116
E:jmerrill@ksrlawfirm.com

Dated: April 5, 2023

                                        */s/ Joshua D. Nadreau*
                                        Joshua D. Nadreau