# EXHIBIT A

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF NORFOLK | DOCKET NO. 23cv120 |
|---|---|---|
| PLAINTIFF(S) Sofia Travayiakis | DEFENDANT(S) Mortgage Network, Inc.; Robert McInnes; James Comosa | |

Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known)

Jack K. Merrill, KSR Law, 160 Gould Street, #102, Needham, MA 02494  781-418-5116  BBO 564749

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO.    TYPE OF ACTION (specify)    TRACK    IS THIS A JURY CASE?

A01 Services Labor and Materials - Fast Track

[●] Yes  [ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damages claims; indicate single damages only.

## TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses
  2. Total doctor expenses
  3. Total chiropractic expenses
  4. Total physical therapy expenses
  5. Total other expenses (describe)
        Subtotal $ _____
B. Documented lost wages and compensation to date   $ _____
C. Documented property damages to date   $ _____
D. Reasonably anticipated future medical expenses   $ _____
E. Reasonably anticipated lost wages and compensation to date   $ _____
F. Other documented items of damages (describe)   $ _____
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

Total $ _____

## CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Defendants breached contracts and violated Massachusetts Wage Law by refusing to pay wages due and paying wages late

TOTAL  $110,000

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   Date: Feb 7, 2023

A.O.S.C. 3-2007

*Stamp: RECEIVED & FILED CLERK OF THE COURTS NORFOLK COUNTY 2023 FEB -8 PM 2:36*

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

NORFOLK, SS.                                                     C.A. NO. 23cv120

SOFIA TRAVAYIAKIS
    Plaintiff

v.                                                               **COMPLAINT**

MORTGAGE NETWORK, INC., JAMES
COMOSA, and ROBERT McINNES
    Defendants

1. Plaintiff Sofia Travayiakis is an individual who resides in Westwood, Massachusetts.

2. Defendant Mortgage Network, Inc. is a Massachusetts corporation with a usual place of business at 99 Conifer Hill Drive in Danvers, Massachusetts.

3. Defendant James Comosa is the president of Mortgage Network, Inc. He resides at 50 Church Street in West Newbury, Massachusetts.

4. Defendant Robert McInnis is the treasurer of Mortgage Network, Inc. He resides at 55 Paine Avenue in Beverly, Massachusetts.

5. In or about May 2015, Travayiakis began working for the Defendants as a senior loan officer under a written agreement she entered with Mortgage Network. Travayiakis's duties included originating loans to customers she generated, facilitating loan applications, and assisting customers through the borrowing process.

6. Travayiakis was paid for her work on a commission basis. She earned .75 percent of the gross loan amounts she generated with an initial cap of $4,000 per loan. Travayiakis was also entitled to certain additional compensation that included money to be used to offset expenses she would incur to market her services to customers.

7. Under her written agreement, Travayiakis earned commissions "at the time of loan funding." She received those earnings on the 15th day of the month that followed the month in which each closing occurred. If, for example, Travayiakis's customer loan was funded during the month of July, she would receive her earned wages for the loan on August 15. At the same time, Travayiakis would be paid for any other loan that she generated and was funded during that same month of July.

1

8. In 2020, the Defendants implemented a deferred compensation plan for the benefit of Travayiakis and other employees. They agreed to and in fact funded the plan based on Travayiakis's earnings – from 2020 to 2022, Mortgage Network deposited funds to her account using a mathematical formula that was based on a percentage of the sales on which Travayiakis earned commissions. The plan was structured to permit Travayiakis to use it as a retirement benefit, to assist with educational expenses, and for other purposes.

9. Though the plan included a five-year vesting schedule for Mortgage Network's contributions, the Defendants reserved the right to accelerate vesting. Upon either a change in control at Mortgage Network or any other termination of Travayiakis's employment, the plan required the Defendants to pay out all vested amounts to her in full.

10. Sometime in Fall 2022, the Defendants entered an agreement to sell the assets of Mortgage Network to a company called Movement Mortgage. Under the agreement, Mortgage Network ceased operating as a mortgage lender effective November 30, 2022, at which time its assets were purchased by Movement, which sought to hire many former Mortgage Network employees, including Travayiakis, to begin work for it effective on December 1, 2022.

11. On or about November 21, 2022 and in anticipation of the sale of its business operations, Mortgage Network accelerated the vesting of contributions it made to Travayiakis's deferred compensation plan. It formally notified Travayiakis that "all vesting in this plan is being accelerated" and that, if her employment with Mortgage Network terminated prior to December 1, 2022, she'd receive payment in full during the month of December.

12. The deferred compensation plan was managed by Principal. Mortgage Network accelerated vesting of the amounts it contributed and, effective no later than November 25, 2022, Travayiakis's account at Principal had a vested balance of about $177,000.00.

13. Effective November 30, Mortgage Network ceased operating as a lending company. It no longer accepted loan applications, began to wind down its operations, and sought to transition Travayiakis's employment to Movement Mortgage, which actively sought to hire her. Travayiakis's employment by the Defendants consequently ended on this date.

14. When her employment was terminated by Mortgage Network on November 30, 2022, Travayiakis had about $15,000 in her marketing budget account. The funds were provided to Travayiakis as compensation to cover the marketing expenses that Travayiakis incurred to promote her business, as provided by her 2015 employment agreement.

15. The Defendants did not pay Travayiakis the earnings due to her on November 30, the vested amount in her deferred compensation account, or the balance in her marketing compensation account. By check dated December 15, 2022, they paid her only about $67,000 of the $177,000.00 in vested, deferred compensation in her account. The payment was treated as wages and the net payment to Travayiakis was $36,941.41.

16. Upon her termination by the Defendants, Travayiakis had several closings in the pipeline at Mortgage Network. She had by then performed all duties required to earn her commissions, which would become due/payable to her upon the funding of each loan.

17. On January 3, 2023, a loan generated by Travayiakis for $551,000 was closed and funded by Mortgage Network. On January 20, 2023, a second loan in the amount $427,500 that Travayiakis generated was also closed and funded by Mortgage Network. Commissions on each of these loans were due to her upon each closing date.

18. Mortgage Network, at the direction of Comosa and McInnis, failed and refused to pay the two January 2023 commissions to Travayiakis. When she inquired why she was not paid for this work, the Defendants refused to reply.

19. At all times relevant, decisions when and whether to pay wages or any other money due to Travayiakis were made by Comosa and McInnis. Both men were fully informed of and made the decisions to refuse to pay the vested amount in Travayiakis's deferred compensation plan account along with other compensation due to her.

20. On information and belief, the Defendants converted the vested funds in Travayiakis's deferred compensation account and her marketing compensation fund along with the commissions she earned in January 2023 to their own uses.

21. On February 2, 2023, Travayiakis filed a claim with the Massachusetts Attorney General against the Defendants for failure to pay wages due to her.

22. By letter dated February 6, 2023, the Attorney General authorized Travayiakis to file her own lawsuit against the Defendants pursuant to Mass. Gen. L. ch. 149, §150.

23. By their conduct, the Defendants breached their agreements with the Plaintiff and caused her to suffer damages.

24. By failing and refusing to pay the Plaintiff the full amount of her vested, deferred compensation, the Defendants violated Massachusetts General Law chapter 149, §148 and caused her to suffer damages.

25. By failing and refusing to pay the Plaintiff the balance in her marketing compensation account, the Defendants violated Massachusetts General Law chapter 149, §148 and caused her to suffer damages.

26. By failing and refusing to pay the Plaintiff commissions she earned on two closing in January 2023, the Defendants violated Massachusetts General Law chapter 149, §148 and caused her to suffer damages.

27. By paying the Plaintiff on the fifteenth day of the moth that followed the month during which she earned commissions, the Defendants violated Massachusetts General Law chapter 149, §148 and caused her to suffer damages.

WHEREFORE, the Plaintiff prays that this honorable Court:

1. Issue an attachment or preliminary injunction sufficient to provide the Plaintiff reasonable security for her anticipated judgment;
2. Award the Plaintiff damages in an amount to be determined by the Court;
3. Triple the damages and award the Plaintiff her reasonable costs and attorney's fees as required by Mass. Gen. L. ch. 149, §150; and
4. Grant the Plaintiff such further relief as the Court deems proper.

THE PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.

Sofia Travayiakis,
By her Attorneys,

/s/ Jack K. Merrill
Jack K. Merrill, BBO #564749
KSR Law
160 Gould Street, #102
Needham, MA 02494
781-418-5116
jmerrill@ksrlawfirm.com

Date: February 7, 2023

4

RECEIVED & FILED
2023 MAR 20 PM 12:08
CLERK OF THE COURT
NORFOLK COUNTY

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: –
TORT – MOTOR VEHICLE TORT – CONTRACT –
EQUITABLE RELIEF – OTHER)

## COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. 2382 CV 00120

Sofia Travayiakis, Plaintiff(s)

v.

Mortgage Network Inc et al., Defendant(s)

### SUMMONS

To the above-named Defendant: Mortgage Networks, Inc.

You are hereby summoned and required to serve upon Jack Merrill, plaintiff's attorney, whose address is KJM Law, 160 Gould St, Needham MA 02494 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Heidi E. Brieger Esquire, at Needham the 9th day of February, in the year of our Lord two thousand and twenty-three.

Walter F. Timilty, Clerk.

NOTES:
1. This summons is issued pursuant to Rules 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on ......March 8......, 20 23, I ~~served~~ a copy of *accepted service* the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (See Mass. R. Civ. P. 4 (d) (1–5):

.......................................................................................

.......................................................................................

.......................................................................................

Dated: March 8, 2023 ..../s/ Joshua D. Nadreau.......

N.B. TO PROCESS SERVER:-
PLEASE PLACE DATE YOU MAKE SERVICE ON DEFENDANT IN THIS BOX ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.

|  |
|---|
| , 20 |

COMMONWEALTH OF MASSACHUSETTS
NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION
NO. ................., Plaintiff
v.
................, Defendant

SUMMONS
(Mass. R. Civ. P.4)

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED:
TORT – MOTOR VEHICLE TORT – CONTRACT –
EQUITABLE RELIEF – OTHER)

RECEIVED & FILED
2023 MAR 20  PM 12:
CLERK OF COURTS
NORFOLK COUNTY

COMMONWEALTH OF MASSACHUSETTS

NORFOLK, ss.

SUPERIOR COURT
CIVIL ACTION

NO. 2382CV00120

Sofia Travayiakis, Plaintiff(s)

v.

Mortgage Network et al, Defendant(s)

**SUMMONS**

To the above-named Defendant: James Comosa, 50 church St, W. Newbury MA

You are hereby summoned and required to serve upon Jack Merrill plaintiff's attorney, whose address is KSR Law, 160 Gould St, Needham, MA 02494 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Heidi E. Brieger   Esquire, at Needham the 9th day of February, in the year of our Lord two thousand and twenty-three.

Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

PROOF OF SERVICE OF PROCESS

I hereby certify and return that on .................................., 20....... I served a copy of ..................



Essex County Sheriff's Department, PO BOX 2019, Salem, MA 01970
February 16, 2023

I hereby certify and return that on 2/15/2023 at 11:20 AM I served a true and attested copy of the summons, complaint, and civil tracking order in this action in the following manner: To wit, by leaving at the last and usual place of abode of James Comosa, 50 Church Street West Newbury, MA 01985, and by mailing 1st class to the above address on 2/16/2023. Attestation fee ($10.00) Basic Service Fee ($20.00) Conveyance ($4.50) Postage and Handling ($3.00) Travel ($23.00) Total: $60.50

Deputy Sheriff Bob Kiggins

COMMONWEALTH OF MASSACHUSETTS
NORFOLK, ss.
SUPERIOR COURT
CIVIL ACTION
NO.
........................, Plaintiff
v.
........................, Defendant
SUMMONS
(Mass. R. Civ. P.4)

(TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER)

*RECEIVED 2023 MAR 20 PM 12:08 CLERK OF THE COURTS NORFOLK COUNTY*

3

**COMMONWEALTH OF MASSACHUSETTS**

NORFOLK, ss.                                                                SUPERIOR COURT
                                                                            CIVIL ACTION
                                                                            NO. 2382CV00120

_Sofia Tuvayiakis_, Plaintiff(s)

v.

_Mortgage Network et.al_ Defendant(s)

**SUMMONS**

To the above-named Defendant: Robert McInnes, 55 Paine Ave, Beverly MA

You are hereby summoned and required to serve upon _Jack Merrill_ plaintiff's attorney, whose address is _KJR Law, 160 Gould St, Needham MA 02494_ an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Dedham either before service upon the plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, Heidi E. Brieger    Esquire }, at _Needham_ the _9th_ day of _February_, in the year of our Lord two thousand and _twenty-three_.

_Walter F. Timilty_ Clerk.

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used for each such defendant, each should be addressed to the particular defendant.

F-33

## PROOF OF SERVICE OF PROCESS



Essex County Sheriff's Department, PO BOX 2019, Salem, MA 01970
February 16, 2023

I hereby certify and return that on 2/14/2023 at 1:01 PM I served a true and attested copy of the summons, complaint, and civil tracking order in this action in the following manner: To wit, by leaving at the last and usual place of abode of Robert McInnes, 55 Paine Avenue Beverly, MA 01915, and by mailing 1st class to the above address on 2/14/2023. Attestation fee ($10.00) Basic Service Fee ($20.00) Conveyance ($1.50) Postage and Handling ($3.00) Travel ($19.20) Total: $53.70

#918

Deputy Sheriff Peter Gorgone

COMMONWEALTH OF MASSACHUSETTS
NORFOLK, ss.
SUPERIOR COURT
CIVIL ACTION
NO.

........................, Plaintiff

v.

........................, Defendant

SUMMONS
(Mass. R. Civ. P. 4)